### J. M. JORDAN v. THE STATE.

#### No. 749.   Decided October 26, 1910.

**1.—Fraud—False Packing of Cotton—Information.**

Under Article 569, Penal Code, there are two ways in which it may be violated, and where the information alleged that the commodity (cotton) used to deceive and defraud was of inferior quality to that which was offered, the same was sufficient without alleging that the article was of less value.

**2.—Same—Charge of Court—Practice.**

While the practice of giving the entire definition of the statute, including matters that have no application to the facts, is deprecated, yet where the court in his charge applied the law appropriately to the facts, there was no error.

Appeal from the County Court of Stonewall.   Tried below before the Hon. Ernest Herring.

Appeal from a conviction of unlawfully concealing certain commodities from the purchaser; penalty, a fine of $50.

The testimony showed that the defendant, in taking his seed cotton to the gin to be ginned, had so loaded it in his wagon as to have good cotton at the bottom and top, and bolls and burs in the center, and that it was so ginned and baled, against the protest of the ginner, who proposed to mark it "whitewashed," to which defendant objected and took it away unmarked, and sold it as strict low middling to the loss of the purchaser.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The charging part of the complaint is that appellant "with intent to deceive and defraud, did unlawfully conceal within a bale of cotton then and there containing certain merchandise and a commodity, to wit, cotton, certain merchandise and a commodity then and there of a quality inferior to that with which such bale was then and there apparently filled, to wit, with cotton of an inferior quality with which said bale was apparently filled as aforesaid, against the peace and dignity of the State." The information follows and is in accord with the allegations of the complaint.   Appellant filed a motion in arrest of judgment upon the ground that the complaint and information are defective in that

they do not allege that the inferior merchandise or commodity with which said bale was then and there apparently filled, to wit: cotton was a substance of "less value." Article 569 of the Penal Code under which this prosecution was carried on is in the following language: "If any person shall, with intent to deceive and defraud, conceal within any hogshead, cask, barrel, box, bale, keg or package containing merchandise or other commodity any merchandise or commodity of a quality inferior to that with which such hogshead, cask, barrel, bale, keg or package is filled, or any substance of less value, he shall be fined not exceeding five hundred dollars." Under the terms of this statute there are two ways by which it can be violated. One by means of using a commodity of inferior quality and the other by the use of an article of less value. The pleader saw proper to select and charge that clause of it which refers to commodities of inferior quality. There is no reason why this character of pleading is not valid and sufficient, and if the evidence should sustain the allegation, why the conviction should not be obtained. It was not necessary to the validity of the pleading to charge that the article was of "less value." We are of opinion that the complaint and information are both sufficient and that the pleader had the legal authority to select this particular means of charging the violation of the statute. The question of sufficient evidence to support the allegation is not involved.

Criticism is made of the charge in that it contained a full copy of the statute and in fact the charge does quote the statute in full, but when the court came to submit the question to the jury the allegation in the complaint and information alone was submitted, and the jury were told that if they should find from the evidence beyond a reasonable doubt that defendant with intent to deceive and defraud did unlawfully conceal within a bale of cotton certain cotton then and there of. a quality inferior to that with which such bale was then and there apparently filled as alleged in the information, they would find him guilty. The fact that the court in the general definition quoted all of the statute is not reversible error inasmuch as when he came to apply the law to the facts of the case he applied it directly and pertinently to the allegations of the complaint. This is not a novel question and has been decided in quite a number of cases. While the practice on the part of the court in giving the entire definition of a statute including matters that have no per-tinency to the case in hand is to be deprecated, yet where that has been .done but the law is applied directly at the appropriate place to the allegations and facts thereunder, it would not constitute re-versible error that the court previously quoted the entire statute.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*